IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: SUPERVALU, INC., CUSTOMER ) <br> DATA SECURITY BREACH LITIGATION ) <br> ) <br> This Document Relates to: ) <br> ) <br> ALL ACTIONS ) <br> ) | No. 14-MD-2586 ADM/TNL |

**MOTION FOR APPOINTMENT OF PLAINTIFFS'
INTERIM CO-LEAD COUNSEL, INTERIM EXECUTIVE COMMITTEE, AND
INTERIM LIAISON COUNSEL, AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, plaintiffs Kenneth Hanff, Ivanka Soldan, Rifet Bosnjak, Melissa Alleruzzo, Carol Puckett, Gary Mertz, Alyssa Rocke, Steve McPeak, Katherine Murray, Timothy Roldan, Darla Young, and David Holmes (collectively, "Plaintiffs"), by and through undersigned counsel, jointly submit this Motion for Appointment of Plaintiffs' Interim Co-Lead Counsel, Interim Executive Committee, and Interim Liaison Counsel, and incorporated Memorandum of Law.

**INTRODUCTION**

Counsel for all Plaintiffs in this MDL matter have reached agreement on a proposed leadership structure. Pursuant to that agreement, Ben Barnow, Barnow and Associates, P.C., and Edwin J. Kilpela, Jr., Carlson Lynch Sweet & Kilpela, LLP (together, "Proposed Co-Leads"), seek appointment as Plaintiffs' Interim Co-Lead Counsel. Additionally, in accordance with the agreement, they propose that the Court appoint Plaintiffs' Interim Executive Committee composed of John S. Steward, Steward Law Firm, LLC, Karen Hanson Riebel, Lockridge Grindal Nauen P.L.L.P, Richard L. Coffman, The Coffman Law Firm, Aron D. Robinson, Law Office of Aron D. Robinson, and John J. Discoll, The Driscoll Firm, P.C. (collectively, the

"Proposed Executive Committee"), and Rhett A. McSweeney, McSweeney/Langevin, LLC ("Proposed Liaison Counsel") as Plaintiffs' Interim Liaison Counsel.

Proposed Co-Leads, members of the Proposed Executive Committee, and Proposed Liaison Counsel have proven track records of experience, knowledge, and success in litigating some of the nation's largest class actions and complex litigation matters, including consumer data security breach and consumer privacy class actions.[1]

## FACTUAL BACKGROUND

This MDL proceeding arises from a data breach occurring on or about August 14, 2014, of the portion of Defendant Supervalu, Inc.'s ("Supervalu") computer network that processes payment card transactions for the retail store chains operating under the names Cub Foods, Farm Fresh, Hornbacher's, Shop 'n Save, Shoppers Food & Pharmacy, Albertsons, ACME Markets, Jewel-Osco, Shaw's, and Star Markets. For at least the period between June 22, 2014 and July 17, 2014, malicious software intercepted Plaintiffs' and Class Members' payment card information from Supervalu's point-of-sale network.

On December 16, 2014, the Judicial Panel on Multidistrict Litigation transferred all pending actions to the District of Minnesota for coordinated or consolidated pretrial proceedings. Transfer Order (Dec. 16, 2014) [ECF No. 1]. The cases currently coordinated or consolidated under that and subsequent orders include: *McPeak, et al. v. Supervalu, Inc.*, No. 3:14-00899 (S.D. Ill. filed Aug 18, 2014); *Hanff, et al. v. Supervalu, Inc.*, No. 0:14-cv-03252-ADM-TNL (D. Minn. filed Aug. 25, 2014); *Mertz v. Supervalu, Inc.*, 14-CV-04660 (D. Minn. filed Nov. 4, 2014); and *Rocke v. Supervalu, Inc.*, No. 1:14-00511 (D. Idaho filed Nov. 26, 2014). This motion

---

[1] The summary resumes of Messrs. Barnow and Kilpela, are attached as Exhibits A and B, respectively. Proposed Executive Committee members' summary resumes are attached as Group Exhibit C, and Proposed Liaison Counsel's summary resume is attached as Exhibit D.

for appointment represents an agreement on the pretrial organization and leadership between Plaintiffs' counsel in all four of these pending actions.

## ARGUMENT

**I.     Appointment of Plaintiffs' Interim Co-Lead Counsel is Appropriate**

Federal Rule of Civil Procedure 23(g)(3) provides the Court with authority to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3); *see also Adepipe v. U.S. Bank, Nat'l Ass'n*, No. 13-2687 (JNE/JJK), 2014 WL 835174, at *2 (D. Minn. Mar. 3, 2014). The "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification and negotiating settlement." *Walker v. Discover Fin. Servs.*, No. 10-CV-6994, 2011 WL 2160889, at *2 (N.D. Ill. May 26, 2011) (quoting Manual for Complex Litigation § 21.11 (4th ed. 2004)). "[W]here multiple overlapping and duplicative class actions have been transferred to a single district for the coordination of pretrial proceedings, designation of interim class counsel is encouraged, and indeed is probably essential for efficient case management." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (citing Manual for Complex Litigation § 21.11 (4th ed. 2004)).

Here, Plaintiffs assert similar claims arising from the same event against the same or related defendants. *See* Transfer Order at 2 (Dec. 16, 2014) [ECF No. 1]. The appointment of Plaintiffs' Interim Co-Lead Counsel will facilitate the efficient prosecution of the claims at issue in this litigation.

## II. Proposed Co-Leads Are Well-Qualified to Serve as Plaintiff's Interim Co-Lead Counsel

When appointing interim lead counsel, courts generally consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. *Crocker v. KV Pharm. Co.*, No. 4:09-CV-198 (CEJ), 2009 WL 1297684, at *1 (E.D. Mo. May 7, 2009) (applying the Fed. R. Civ. P. 23(g)(1)(A) factors to the selection of interim class counsel prior to class certification). The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.*

Proposed Co-Leads have worked diligently on this action since its inception, have considerable experience in leading the prosecution of complex consumer class actions, including consumer data security breach and privacy class actions, are familiar with applicable law, and have the demonstrated ability to commit the necessary resources to this matter. Moreover, Proposed Co-Leads and other Plaintiffs' counsel have agreed on a leadership structure and will adequately represent the interests of Plaintiffs and the putative Class. *See Third Circuit Task Force Report: Selection of Class Counsel*, 208 F.R.D. 340, 356 (2002) ("In deciding on appointment [of counsel], courts in class actions have traditionally exercised case-by-case discretion, often relying on competing counsel to work out an arrangement, also known as private ordering.").

### A. Proposed Co-Leads Have Diligently Advanced This Matter Since Its Inception

Proposed Co-Leads have already committed substantial time and effort to researching and identifying the claims of Plaintiffs and the putative Class. Proposed Co-Leads diligently investigated the circumstances surrounding the incident; consulted with victims of the data breach; gathered information from numerous public sources, newspaper articles, public filings, and other materials; and filed complaints after a thorough consideration of the gathered facts. Proposed Co-Leads are ready and willing to prosecute this action on behalf of Plaintiffs and the putative Class to the fullest extent possible, and have worked cooperatively with other Plaintiffs' counsel in advancing the concerned claims.

### B. Proposed Co-Leads Have Significant Experience in Litigating Complex Class Actions and Are Knowledgeable of Applicable Law

Courts appointing lead counsel have placed great emphasis on proposed class counsel's experience and knowledge of applicable law. *See generally In Re Toys R Us Antitrust Litig.*, 191 F.R.D. 347, 351 (E.D.N.Y. 2000) ("Class counsel are highly skilled and experienced and can fairly and adequately represent the interests of the class."); *In re Cree, Inc. Sec. Litig.*, 219 F.R.D. 369, 373 (M.D.N.C. 2003) (appointing class counsel in a securities case where the firm had "extensive experience in representing institutional investors in securities actions throughout the country and . . . long been heavily engaged in securities and corporate litigation.").

As their summary resumes evidence, Proposed Co-Leads have significant experience leading the prosecution of complex class actions, including consumer data security breach and consumer privacy class actions. *See* Exhibits A and B. They have repeatedly served as lead counsel or co-lead counsel in such cases, are well-versed in applicable law, and will draw on

their substantial knowledge and experience to effectively represent Plaintiffs and the putative Class.

### 1. Ben Barnow, Barnow and Associates, P.C.

Ben Barnow has significant experience leading the prosecution of complex consumer class actions, including a number of significant consumer data security breach class actions. *See* Ben Barnow's Summary Resume, attached as Exhibit A.

Mr. Barnow served as a Lead or Co-Lead Class Counsel in the following consumer data security breach class actions:

- ***In re TJX Retail Security Breach Litigation (Consumer Track).*** This MDL related to the theft of approximately 45,000,000 credit and debit card numbers used at TJX stores and the personal information of over 450,000 TJX customers. As one of Co-Lead Settlement Class Counsel, Mr. Barnow took the lead in negotiating a class settlement with TJX's lead attorneys. The Honorable Judge Young granted final approval to the settlement, which he referred to as "excellent" and as containing "innovative" and "groundbreaking" elements. *See* Judgment, *In re TJX Cos. Retail Sec. Breach Litig.*, MDL No. 1838, Case No. 07-10162-WGY (D. Mass. Sept. 2, 2007) (granting final approval of settlement); Transcript of Proceedings at 6, *In re TJX Cos. Retail Sec. Breach Litig.*, MDL No. 1838, Case No. 07-10162-WGY (D. Mass. Sept. 27, 2007); Transcript of Fairness Hearing at 8-9, 18, *In re TJX Cos. Retail Sec. Breach Litig.*, MDL No. 1838, No. 07-10162-WGY (D. Mass. July 15, 2008).

- ***In Re: Countrywide Financial Corp. Customer Data Security Breach Litigation.*** This forty-case MDL proceeding involved claims relating to a former Countrywide employee's theft and sale of millions of Countrywide customers' private and confidential information. As one of Co-Lead Settlement Class Counsel, Mr. Barnow negotiated a settlement that made substantial benefits available to approximately 17 million Settlement Class Members. The settlement has been granted final approval by the Court. *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, MDL No. 1998, Case No. 3:08-MD-01998, 2010 WL 3341200 (W.D. Ky. Aug. 23, 2010). In granting final approval to the settlement, the Honorable Chief Judge Russell noted that "Co-Lead Settlement Counsel are nationally recognized in the field of class actions, particularly those involving security breaches," and stated that "the Court was impressed with Co-Lead Counsel and Countrywide counsels' knowledge and skill, as represented in the various motions and hearings that took place throughout this settlement process." *Id.* at *11.

- ***Lockwood v. Certegy Check Services, Inc.*** This proceeding related to the theft of approximately 37 million individuals' private and confidential information from Certegy

6

Check Services, Inc.'s computer databases. As one of Co-Lead Settlement Class Counsel, Mr. Barnow organized all counsel and pending cases without the benefit of an MDL and negotiated a settlement that was granted final approval. Judgment, *Lockwood v. Certegy Check Servs.*, Case No. 8:07-CR-1657-T-23TGW (M.D. Fla. Sept. 8, 2008). At the final fairness hearing, the Honorable Judge Merryday described the settlement as a "good deal," providing "a real benefit to a large class of persons" as "the result of the focused attention of skilled counsel for a protracted time." Transcript of Final Fairness Hearing at 20, *Lockwood v. Certegy Check Servs., Inc.*, Case No. 8:07-CR-1657-T-23TGW (M.D. Fla. Aug. 22, 2008).

- ***Rowe v. Unicare Life and Health Ins. Co.*** Mr. Barnow was Lead Counsel in this proceeding relating to the defendants' alleged failure to secure the private health information of certain individuals enrolled in the defendants' health insurance plans, resulting in such information being accessible to the public via the Internet. Mr. Barnow negotiated a settlement that was granted final approval by the Court. At the preliminary approval hearing, the Honorable Judge Hibbler referred to the efforts of the parties as "exemplary." Transcript of Oral Argument at 9, *Rowe v. Unicare Life & Health Ins. Co.*, Case No. 09-CV-2286 (N.D Ill. May 19, 2011).

- ***In Re: Heartland Payment Systems Inc., Data Sec. Breach Litigation (Consumer Track).*** Mr. Barnow was one of Co-Lead Counsel for the Consumer Track in this MDL proceeding relating to what has been reported as one of the largest (if not the largest) data security breaches in history. Mr. Barnow negotiated a settlement on behalf of a Settlement Class estimated to include more than 120 million members that was granted final approval. *See In Re: Heartland Payment Systems Inc., Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040 (S.D. Tex. 2012).

- ***McGann, et al. v. Schnuck Markets, Inc.*** Much like Defendant in this case, Schnuck Markets' payment card processing systems were hacked and payment card information of about 2.2 million payment cards was compromised. As Co-Lead Settlement Class Counsel, Mr. Barnow took a leadership role in negotiating and reaching an agreement that won substantial benefits for the class. Final approval of the settlement was recently granted. *See* Judgment Granting Final Approval to Class Action Settlement, *McGann, et al. v. Schnuck Markets, Inc.*, No. 1322-CC00800 (Mo. Cir. Ct. Jan. 15, 2015).

- ***In re Sony Gaming Networks and Customer Data Security Breach Litigation.*** This MDL, involving more than sixty related actions, arose out of a criminal intrusion to Sony's network that exposed 77 million consumers' personal information. As a member of Plaintiffs' Steering Committee, Mr. Barnow took a leading role in achieving a settlement for the Class that, as of today, has been preliminarily approved by the court. The Honorable Anthony Battaglia stated that the settlement was "comprehensive," "impress[ive]," and that "the effort of counsel, on both sides, has been remarkable." Transcript of Preliminary Approval Hearing 8–9, *In re Sony Gaming Networks and Customer Data Breach Litig.*, No. 11-md-2258-AJB (S.D. Cal. July 10, 2014). Mr. Barnow's efforts were instrumental in reaching this settlement.

In addition to this substantial experience in leading the successful prosecution of consumer data breach cases, Mr. Barnow has also been appointed to leadership positions in several other complex consumer class actions and MDL proceedings. Mr. Barnow was one of Co-Lead Settlement Class Counsel in *Schulte v. Fifth Third Bank*, where he and his co-lead counsel achieved a settlement providing for a $9.5 million settlement fund and substantial injunctive relief valued at more than $50 million. *See Schulte v. Fifth Third Bank*, No. 06-cv-06655, 2011 WL 3269340 (N.D. Ill. July 29, 2011). Additionally, Mr. Barnow served as one of Co-Lead Class Counsel in the Arkansas, Kansas, South Dakota, and Wisconsin Microsoft civil antitrust cases, each of which settled and was granted final approval by the respective courts. In the Wisconsin Microsoft case, prior to reaching a settlement valued at approximately $224 million that was granted final approval, Mr. Barnow and his co-counsel successfully petitioned the Wisconsin Supreme Court to recognize the right of indirect purchasers to recover under Wisconsin's antitrust laws. *See Olstad v. Microsoft Corp.*, 700 N.W.2d 139 (Wis. 2005).[2]

Mr. Barnow's experience in successfully leading the prosecution of data security breach class actions and complex consumer class actions supports that he is well-suited to serve as one of Plaintiffs' Interim Co-Lead Counsel.

2. **Edwin J. Kilpela, Jr., Carlson Lynch Sweet & Kilpela, LLP**

Carlson Lynch Sweet & Kilpela, LLP ("Carlson Lynch") is a leading national class action law firm that has successfully litigated complex class action cases, including actions involving financial fraud, anticompetitive behavior, product liability, and consumer fraud. For example, the firm is lead counsel in one of the largest cases alleging fraud by financial institutions in the

---

[2] Mr. Barnow was also appointed to the nine-member Plaintiffs' Lead Counsel Committee in the Microsoft civil antitrust MDL proceeding before the Honorable Frederick Motz in the U.S. District Court for the District of Maryland.

course of second mortgage lending, *In re Residential Capital, LLC*, No. 12-12020-mg (Bankr. S.D.N.Y.) (claim of $330 million approved on behalf of class members)[3]; *In re Community Bank of Northern Virginia Second Mortgage Lending Practices Litigation*, MDL No. 1674 (W.D. Pa.) (class certified of residential second mortgage borrowers with claims exceeding $200 million). In addition, the firm's attorneys serve on executive committees and litigation committees in several pending antitrust and consumer fraud MDL matters. *See, e.g., In Re Blue Cross Blue Shield Antitrust Litigation,* MDL 2406 (N.D. Ala.); *In re: Nutramax Cosamin Marketing and Sales Practices Litigation,* MDL No. 2498 (D. Md.).

Carlson Lynch also has significant experience in litigating data privacy and information security matters, having litigated such cases under both state and federal laws. Carlson Lynch is co-lead counsel in *Dittman et al. v. UPMC*, (Allegheny Cty., Pa. No. GD-14-003285), a class action filed against the University of Pittsburgh Medical Center filed on behalf of all employees affected by a major data breach and identity theft scheme in which numerous employees had their personal data stolen by criminals who filed fraudulent tax returns in the employees' names in order to receive their tax refunds. In addition, Carlson Lynch partners occupy leadership positions in many of the largest data breach cases currently being litigated in the federal courts. *In re Target Corporation Customer Data Security Breach Litigation* No. 0:14-md-02522 (D. Minn.); *In Re: The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 1:14-md-02583 (N.D. Ga.); *First NBC Bank v. Kmart Corp. et al.,* No. 1:14-cv-10088 (N.D. Ill.). Carlson Lynch partner Gary Lynch was recently appointed as co-lead counsel for the financial institutions cases in the *Home Depot* litigation.

---

[3] Judge Martin Glenn of U.S. Bankruptcy Court in New York called the case "the most legally and factually complex case" in his seven years on the bench. Joseph Checkler, Bankruptcy Judge Confirms ResCap Liquidation Plan, Wall Street Journal, Dec. 11, 2013.

Proposed Co-Lead Counsel, Edwin J. Kilpela, Jr., one of the founders of Carlson Lynch, has extensive experience litigating complex class-action matters. Mr. Kilpela serves in leadership positions in several pending multi-district matters. *In re: Nutramax Cosamin Marketing and Sales Practices Litigation,* MDL No. 2498 (D. Md.); *In re: GNC Corp. TriFlex Products Marketing and Sales Practices Litigation (No. II)*; MDL No. 2491 (D. Md.); *In Re: The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 1:14-md-02583 (N.D. Ga.). In addition, Mr. Kilpela represents plaintiffs in multiple other complex class action matters. Mr. Kilpela's experience in successfully leading the prosecution of data security breach class actions and complex consumer class actions supports that he is well-suited to serve as one of Plaintiffs' Interim Co-Lead Counsel.

## C. Proposed Co-Leads Have Sufficient Resources to Advance the Litigation in a Timely Manner

Courts often consider the resources that proposed class counsel will commit to the prosecution of the lawsuit. *LeBeau v. United States,* 222 F.R.D. 613, 619 (D.S.D. 2004) ("In considering the resources that counsel will commit to represent the class, the Court may consider the staff, supplies and professional commitments of that attorney") (citation omitted). Proposed Co-Leads' summary resumes and the cases they have led evidence their ability to fund this litigation. *See* Exhibits A and B. Proposed Co-Leads will continue to devote the required resources to aggressively represent and advance the interests of Plaintiffs and the putative Class.

## III. Proposed Executive Committee Members and Proposed Liaison Counsel are Well-Qualified

Members of the Proposed Executive Committee and Proposed Liaison Counsel also have significant experience in litigating complex consumer class actions. Their summary resumes are attached as Group Exhibit C and Exhibit D, respectively. As their summary resumes illustrate,

these attorneys are well-qualified to serve on Plaintiffs' Executive Committee and as Plaintiffs' Liaison Counsel in this matter.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court enter an order:

(1)  appointing Ben Barnow, Barnow and Associates, P.C., and Edwin J. Kilpela, Jr., Carlson Lynch Sweet & Kilpela, LLP, as Plaintiffs' Interim Co-Lead Counsel;

(2)  appointing the following attorneys to Plaintiffs' Executive Committee: John S. Steward, Steward Law Firm, LLC, Karen Hanson Riebel, Lockridge Grindal Nauen P.L.L.P, Richard L. Coffman, The Coffman Law Firm, Aron D. Robinson, Law Office of Aron D. Robinson, and John J. Discoll, The Driscoll Firm, P.C.;

(3)  appointing Rhett A. McSweeney, McSweeney/Langevin as Plaintiffs' Interim Liaison Counsel; and

(4)  entering any such further relief that the Court deems just and appropriate.


Dated: April 16, 2015						Respectfully submitted,

							s/  Ben Barnow
							Ben Barnow
							Erich P. Schork
							BARNOW AND ASSOCIATES, P.C.
							One N. LaSalle Street, Ste. 4600
							Chicago, IL 60602
							(312) 621-2000 (p)
							(312) 641-5504 (f)
							b.barnow@barnowlaw.com
							e.schork@barnowlaw.com

							s/ Edwin J. Kilpela, Jr.
							Edwin J. Kilpela, Jr.
							CARLSON LYNCH SWEET & KILPELA, LLP
							115 Federal Street, Suite 210
							Pittsburgh, PA 15212
							(412) 322-9243 (p)
							(412) 231-0246 (f)
							ekilpela@carlsonlynch.com

							*Proposed  Interim Co-Lead Counsel*

John S. Steward
STEWARD LAW FIRM, LLC
1717 Park Avenue
St. Louis, Missouri 63104
(314) 571-7134 (p)
(314) 594-5950 (f)
Glaw123@aol.com

Karen Hanson Riebel
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401
(612) 339-6900 (p)
(612) 339-0981 (f)
khriebel@locklaw.com

Aron D. Robinson
LAW OFFICE OF ARON D. ROBINSON
180 West Washington St., Suite 700
Chicago, IL 60602
(312) 857-9050 (p)
Adroblaw@aol.com

Richard L. Coffman
THE COFFMAN LAW FIRM
First City Building
505 Orleans St., Suite 505
Beaumont, TX 77701
(409) 833-7700 (p)
 (866) 835-8250 (f)
rcoffman@coffmanlawfirm.com

John J. Driscoll
Christopher J. Quinn
THE DRISCOLL FIRM, P.C.
211 N. Broadway, 40th Floor
St. Louis, MO 63102
(314) 932-3232 (p)
john@thedriscollfirm.com
chris@thedriscollfirm.com

*Proposed Interim Executive Committee*

Rhett A McSweeney
David M. Langevin
MCSWEENEY/LANGEVIN, LLC
2116 2nd Avenue South
Minneapolis, Minnesota 55404
(612) 746-4646 (p)
(612) 454-2678 (f)
ram@westrikeback.com

*Proposed Interim Liaison Counsel*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Motion for Appointment of Plaintiffs' Interim Co-Lead Counsel, Interim Executive Committee, and Interim Liaison Counsel and Incorporated Memorandum of was served on all counsel of record via the Court's ECF filing system.

Dated: April 16, 2015                        s/ Ben Barnow

                                             Ben Barnow
                                             BARNOW AND ASSOCIATES, P.C.
                                             One N. LaSalle Street, Ste. 4600
                                             Chicago, IL 60602
                                             (312) 621-2000 (p)
                                             (312) 641-5504 (f)
                                             b.barnow@barnowlaw.com