# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: SuperValu, Inc., Customer Data Security Breach Litigation | **PRETRIAL ORDER NO. 1**<br>Court File No. 14-MD-2586 ADM/TNL |

This Document Relates to All Actions

___

The above-captioned matter came before the undersigned United States District Judge on April 20, 2015, to discuss case management issues, including filing deadlines and the commencement of discovery, and to consider Plaintiffs' Motion for Appointment of Plaintiffs' Interim Co-Lead Counsel, Interim Executive Committee, and Interim Liaison Counsel [Dkt. No. 11].

Upon consideration of the submissions and the arguments of the parties, **IT IS HEREBY ORDERED** as follows:

1. Plaintiffs' Motion for Appointment of Plaintiffs' Interim Co-Lead Counsel, Interim Executive Committee, and Interim Liaison Counsel [Dkt. No. 11] is GRANTED.

2. **Plaintiffs' Interim Co-Lead Counsel.** Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints the following counsel as Plaintiffs' Interim Co-Lead Counsel: Ben Barnow, Barnow and Associates, P.C., and Edwin J. Kilpela, Jr., Carlson Lynch Sweet & Kilpela, LLP.

3. Plaintiffs' Interim Co-Lead Counsel shall be responsible for coordinating and organizing Plaintiffs' counsel in the above-captioned matter and, in particular, shall have the following responsibilities:

   a. To prepare and file a consolidated class action complaint;

   b. To brief and argue motions and file opposing briefs on matters initiated by

other parties;

  c. To initiate and conduct discovery proceedings;

  d. To act as spokespersons at all Court appearances, except as may be delegated by them from time to time to Interim Liaison Counsel;

  e. To negotiate with Defendants' counsel with respect to settlement and other matters;

  f. To call meetings of Plaintiffs' counsel when they deem it appropriate;

  g. To determine and make work assignments as they deem appropriate to Interim Liaison Counsel and members of the Interim Executive Committee (identified below) to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive efforts;

  h. To conduct trial and post-trial proceedings;

  i. To consult with and employ experts as they may deem appropriate;

  j. To perform such other duties and undertake such other responsibilities as they deem necessary or desirable; and

  k. To coordinate and communicate with Defendants' counsel with respect to matters addressed in this paragraph.

4. No motion, request for discovery, or other pretrial proceeding shall be initiated or filed by any Plaintiff or their counsel, except through Plaintiffs' Interim Co-Lead Counsel. Interim Co-Lead Counsel shall keep detailed and accurate time and expense records regarding their work in this matter.

5. **<u>Plaintiffs' Interim Executive Committee.</u>** The following attorneys are

appointed to the Interim Executive Committee: John S. Steward, Steward Law Firm, LLC; Karen Hanson Riebel, Lockridge Grindal Nauen P.L.L.P.; Richard L. Coffman, The Coffman Law Firm; Aron D. Robinson, Law Office of Aron D. Robinson; and John J. Driscoll, The Driscoll Firm, P.C.

6. Members of the Interim Executive Committee shall stand ready to complete assignments given to them by Plaintiffs' Interim Co-Lead Counsel, and shall undertake to complete assignments in an efficient, timely, and orderly fashion. Members of the Interim Executive Committee shall keep detailed and accurate time and expense records regarding such assignments and tender them to Plaintiffs' Interim Co-Lead Counsel upon request.

7. **Plaintiffs' Interim Liaison Counsel.** The Court appoints Rhett A. McSweeney, McSweeney/Langevin, LLC, as Interim Liaison Counsel. Interim Liaison Counsel shall be responsible for the orderly communications pertaining to the litigation, as directed by Plaintiffs' Interim Co-Lead Counsel. Interim Liaison Counsel shall keep detailed and accurate time and expense records regarding such assignments and tender them to Plaintiffs' Interim Co-Lead Counsel upon request.

8. Counsel for all parties shall confer and jointly draft a Proposed Pretrial Scheduling Order that reflects the motion schedule agreed to at the first pretrial conference. The Proposed Pretrial Scheduling Order shall include the deadline for Plaintiffs to file an Amended Consolidated Class Action Complaint, the deadline for Defendants to file their answers or their motion(s) to dismiss, and the briefing schedule for motion(s) to dismiss. The Proposed Pretrial Scheduling Order shall also delineate the timetable and the categories of discovery that the Court determined may commence prior to the Order adjudicating the motion(s) to dismiss. The parties

shall file the Proposed Scheduling Order on or before May 1, 2015.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 21, 2015.