UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: SuperValu, Inc., Customer Data Security Breach Litigation<br><br>This Document Relates to All Actions | Case No. 14-md-02586-ADM-TNL |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT PURSUANT TO FED. R. CIV. P. 15(A)(2)**

**TABLE OF CONTENTS**

I.   BACKGROUND ................................................................................................... 1

II.  LEGAL STANDARD .......................................................................................... 3

III. THE PROPOSED AMENDMENTS ARE ENTIRELY FUTILE. ........................ 5

    A.  The amendment does not confer standing. .................................................. 6

        1.  Amending to incorporate the credit-union allegations is futile ............ 6

        2.  Amending to include the research reports is futile .............................. 7

    B.  The amendments do not suffice to state a claim. ......................................... 9

IV.  PLAINTIFFS' UNDUE DELAY SEPARATELY WARRANTS DENIAL OF
     LEAVE TO AMEND. ............................................................................................ 9

V.   CONCLUSION .................................................................................................. 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Anderson v. Wells Fargo Home Mortgage*,
  No. CIV. 14-5013 ADM/JSM, 2015 WL 5602829 (D. Minn. Sept. 23,
  2015) ..................................................................................................................5

*Azimpour v. Select Comfort Corp.*,
  No. CV 15-4296, 2016 WL 4005669 (D. Minn. July 26, 2016)..............................9

*Beck v. McDonald*,
  848 F.3d 262 (4th Cir. 2017) ................................................................................8

*Bethea v. Levi Strauss & Co.*,
  916 F.2d 453 (8th Cir. 1990) ................................................................................6

*D'Agostino v. ev3, Inc.*,
  845 F.3d 1 (1st Cir. 2016)....................................................................................4

*Dorn v. State Bank of Stella*,
  767 F.2d 442 (8th Cir. 1985) ................................................................................3

*Hanson v. M & I Marshall & Ilsley Bank*,
  737 F. Supp. 2d 988 (D. Minn. 2010) ...................................................................4

*Horras v. American Capital Strategies, Ltd.*,
  729 F.3d 798 (8th Cir. 2013) ..............................................................................10

*Humphreys v. Roche Biomedical Labs., Inc.*,
  990 F.2d 1078 (8th Cir. 1993) ..............................................................................9

*In re NationsMart Corp. Securities Litigation*,
  130 F.3d 309 (8th Cir. 1997) .........................................................................10, 11

*In re Science Applications International Corp. Backup Tape Data Theft Litigation*
  45 F. Supp. 3d 14 (D.D.C. 2014) .........................................................................8

*In re: SuperValu Inc.*,
  870 F.3d 763 (8th Cir. 2017) ..................................................................2, 7, 8, 9

*James v. Watt*,
  716 F.2d 71 (1st Cir. 1983)................................................................................12

*Khan v. Children's National Health System*,
  188 F. Supp. 3d 524 (D. Md. 2016) .....................................................................8

*Lopez-Buric v. Notch*,
    168 F. Supp. 2d 1046 (D. Minn. 2001), *amended by,* No. CIV.00-CV-
    928ADM/RL, 2001 WL 1488112 (D. Minn. Apr. 25, 2001) ...................................................11

*Lumsden v. Ramsey County Community Corrections Department*,
    No. CIV. 00-2223ADMAJB, 2002 WL 31886630 (D. Minn. Dec. 23, 2002) .........................4

*Macheca Transportation Co. v. Philadelphia Indemnity Insurance Co.*,
    737 F.3d 1188 (8th Cir. 2013) ...............................................................................................6

*Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc.*,
    406 F.3d 1052 (8th Cir. 2005) ......................................................................................4, 5, 11

*Plymouth County. v. Merscorp, Inc.*,
    774 F.3d 1155 (8th Cir. 2014) ...............................................................................................3

*Strautins v. Trustwave Holdings, Inc.*,
    27 F. Supp. 3d 871 (N.D. Ill. 2014) .......................................................................................8

*United States v. Fiorito*,
    No. 07CR02121PJSJSM, 2016 WL 4923503 (D. Minn. Sept. 15, 2016),
    *appeal dismissed,* No. 16-4021, 2017 WL 5012463 (8th Cir. Feb. 17, 2017) ....................9, 10

*United States v. Mask of Ka-Nefer-Nefer*,
    752 F.3d 737 (8th Cir. 2014) .......................................................................................4, 9, 10

**OTHER AUTHORITIES**

Fed. R. Civ. P 15(a)(1) ................................................................................................................3

Fed. R. Civ. P. 59(e) ....................................................................................................................3

More than three years after the intrusions, more than two years after Defendants moved to dismiss Plaintiffs' Amended Complaint on both standing and substantive legal grounds, and nearly two years after this Court entered judgment, Plaintiffs now seek leave to further amend their complaint (ECF No. 91) (the "Motion"). Their proposed second amended complaint, however, is futile. It does not contain a single change or addition to Plaintiffs' previous allegations of "harm" that this Court already dismissed, as affirmed by the Eighth Circuit. Instead, the proposed amended complaint sets forth generic, repackaged "facts" that, if anything, demonstrate compellingly that even after all this time, plaintiffs have no actual or imminent injury. The Motion is also unduly delayed, offering no explanation for why these new allegations could not have been asserted earlier. Therefore, Defendants respectfully request that the Court deny Plaintiffs' Motion to Amend as futile and untimely.

**I.    BACKGROUND**

The intrusions at issue in this litigation, as well as the filing of the initial complaints in connection with the intrusions, occurred over three years ago, in 2014. On June 26, 2015, Plaintiffs filed their Consolidated Amended Class Action Complaint (ECF No. 28) ("Amended Complaint"), and on August 10, 2015, Defendants moved to dismiss the Amended Complaint on the grounds that Plaintiffs failed to plead an injury sufficient for Article III standing or a claim for which relief could be granted. Defs.' Mem. in Supp. of Mot. Dismiss at 6-39 (ECF No. 34) ("Defs.' Dismissal Mem.").

On January 7, 2016, the Court concluded that all Plaintiffs lacked Article III standing, and dismissed the Amended Complaint without prejudice under Rule 12(b)(1). Mem. Op. & Order at 17 (ECF No. 52) ("Dismissal Order"). Thereafter, Plaintiffs belatedly attempted to introduce "new" evidence, and sought to alter or amend the judgment. They purported to seek leave to amend the Amended Complaint at that time, but failed to comply with Local Rule 15.1(b), which requires submission of a proposed amended complaint. On April 20, 2016, this Court denied Plaintiffs' motion, concluding (1) Plaintiffs failed to identify a manifest error of fact or law in the Dismissal Order; (2) Plaintiffs could have discovered their newly found "evidence" months earlier, and in any event, such evidence did not affect the Dismissal Order; and (3) Plaintiffs failed to establish any basis for post-judgment leave to amend and failed to attach the required amended complaint. Mem. Op. and Order at 4-8 (ECF No. 66) ("Rule 59(e) Op.").

On August 30, 2017, the U.S. Court of Appeals affirmed this Court's dismissal of every Plaintiff except Plaintiff Holmes, who alone among the sixteen named plaintiffs had alleged a single, purportedly fraudulent charge. *In re: SuperValu Inc.*, 870 F.3d 763, 772-74 (8th Cir. 2017) ("Eighth Cir. Op."). The Court of Appeals remanded Defendants' Rule 12(b)(6) motion with respect to Plaintiff Holmes "for consideration by the district court in the first instance." *Id.* at 774 n.7.

Consistent with the Court of Appeals' order, on October 30, 2017, Supervalu renewed its motion to dismiss Plaintiff Holmes's claim under Rule 12(b)(6). (ECF No. 78). AB Acquisitions LLC, and New Albertson's, Inc., filed their renewed motion to dismiss on November 2, 2017. (ECF No. 85).

On November 7, 2017, Plaintiffs filed the present Motion and supporting memorandum. Mem. in Supp. of Mot. Am. (ECF No. 93) ("Pls.' Mem.").

## II. **LEGAL STANDARD**

"After a complaint is dismissed, the right to amend under [Rule] 15(a) terminates." *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir. 1985) (*per curiam*) (citation omitted). Then, as this Court found when denying Plaintiffs' previous motion for leave to amend, "[p]ost judgment leave to amend will only be granted 'if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief.'" Rule 59(e) Op. at 8 (quoting *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014)). Because judgment has been entered against every Plaintiff except Plaintiff Holmes *see* (ECF Nos. 53, 74), the fifteen dismissed Plaintiffs must satisfy Rule 60(b).[1] Plaintiff Holmes must satisfy Rule 15(a)(2).[2]

Both Rules require the moving party to show that the proposed amended complaint is not futile. *Plymouth Cty. v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014) (moving party must establish that post-judgment proposed "amendment would be able to save an

---

[1] Relief under Rule 59(e) is not available here because the Motion was not filed within 28 days of entry of judgment. *See* FED. R. CIV. P. 59(e).

[2] Plaintiffs' contention that their request is governed by Rule 15(a)(1) is meritless. That rule by its terms applies *only* to a plaintiff's first amended complaint, and this is Plaintiffs' second amended complaint. FED. R. CIV. P. 15(a)(1). Moreover, the rule grants leave as of right only when the amendment is filed within 21 days after service of a Rule 12 motion. *Id.* 15(a)(1)(B). Defendants filed their motion to dismiss as to all the named Plaintiffs under Rule 12 in August 2015. *See* Defs.' Dismissal Mem. And, even if relief under Rule 15(a)(1) were relevant here, it would be available to only Plaintiff Holmes, as judgment has already been entered against the remaining Plaintiffs.

3

otherwise meritless claim") (citation omitted); *Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (futility of pre-judgment amendment is basis for denial of leave to amend under Rule 15). Futility review incorporates the Rule 12(b)(1) and 12(b)(6) standards, as appropriate. *Lumsden v. Ramsey Cty. Cmty. Corrs. Dep't*, No. CIV. 00-2223ADMAJB, 2002 WL 31886630, at *1 (D. Minn. Dec. 23, 2002) (Montgomery, J.) (futility "must be assessed in the same manner as a 12(b)(6) motion") (citations omitted); *see also D'Agostino v. ev3, Inc.*, 845 F.3d 1, 6 n.3 (1st Cir. 2016) (in addition to failure to state a claim, "a futility finding could also mean that the proposed complaint would require dismissal for other reasons, such as lack of subject-matter jurisdiction under Rule 12(b)(1)").[3]

Additionally, under Rule 60, the moving party must establish "'exceptional circumstances' warranting 'extraordinary relief.'" *Mask of Ka-Nefer-Nefer*, 752 F.3d at 743 (citation omitted). Under Rule 15, amendment is not appropriate where there has been "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by

---

[3] Plaintiffs erroneously argue that an amendment is futile only if it is "clearly frivolous." Pls.' Mem. 6. The very case that Plaintiffs cite confirms that the "clearly frivolous" standard applies *only* to the question of whether amendment should be denied on the ground that plaintiffs have no "likelihood of success" on the new claim at trial – *not* the question of whether the amendment should be denied as futile for failure to meet the pleading requirements of Rule 12. See *Hanson v. M & I Marshall & Ilsley Bank*, 737 F. Supp. 2d 988, 990 (D. Minn. 2010) ("Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous," but "[a] futility challenge to a motion to amend a complaint is successful where 'claims created by the amendment would not withstand a Motion to Dismiss for failure to state a claim upon which relief can be granted.'") (citations omitted).

amendments previously allowed, [or] undue prejudice to the non-moving party." *Moses.com*, 406 F.3d at 1065 (citation omitted).

Here, the Court should reject the entirety of Plaintiffs' newly proposed amendment because it is utterly futile, and in any event, fails to provide any explanation (let alone a compelling one) for the undue delay.

## III. THE PROPOSED AMENDMENTS ARE ENTIRELY FUTILE.

Both this Court and the Eighth Circuit have entered judgment in this action against every Plaintiff other than Plaintiff Holmes for failing to plead facts establishing Article III standing. Moreover, Defendants' motions to dismiss the sole remaining Plaintiff's allegations for failure to state a claim are currently pending this Court's review. Despite more than three years since the intrusions and the filing of the initial complaints, Plaintiffs' proposed new allegations do nothing to change this analysis and, in fact, contain no allegations specific to the named Plaintiffs at all. The memorandum in support of the Motion leaves no clue as to how their proposed amendment alters the Article III standing analysis of this Court and the Eighth Circuit or remediates the Rule 12(b)(6) defects identified in Defendants' pending motions to dismiss. Plaintiffs' proposed amendment would neither confer standing nor suffice to state a claim. Accordingly, the Court should exercise its "sound discretion" and deny the motion to amend. *Anderson v. Wells Fargo Home Mortg.*, No. CIV. 14-5013 ADM/JSM, 2015 WL 5602829, at *3 (D. Minn. Sept. 23, 2015) (Montgomery, J.).

5

### A.     The amendment does not confer standing.

While Plaintiffs conclusorily state that the proposed amended complaint "relate[s] to the increased risk of harm for plaintiffs previously dismissed for lack of standing," Pls.' Mem. at 4, none of the new allegations, including (i) the credit union allegations and (ii) the allegations based on research reports, show that any of *these* named Plaintiffs have Article III standing based on an actual or imminent harm.

#### 1.     *Amending to incorporate the credit-union allegations is futile.*

Plaintiffs again invite this Court to hold that their credit-union allegations establish standing. *See* Motion, Ex. 1 ¶¶ 76-78. The Court should decline the second invitation, as it correctly did the first. In January 2016, the Court considered these same allegations – then offered as declarations in support of Plaintiffs' motion to alter or amend judgment – and explicitly held that they would not "produce a different result" because they "do not establish that any named Plaintiff . . . suffered actual harm or faces a substantial risk of imminent future harm from the potential misuse of their PII." Rule 59(e) Op. at 7. Plaintiffs did not appeal that ruling, which is now law of the case. *See Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 455-57 (8th Cir. 1990) (district court erred by revisiting an issue it decided before appeal and that was not appealed); *see also Macheca Transp. Co. v. Phila. Indem. Ins. Co.*, 737 F.3d 1188, 1194 (8th Cir. 2013) ("For over one hundred years, our court has repeatedly barred parties from litigating issues in a second appeal following remand that could have been presented in the first appeal."). The bottom line is that none of the credit union allegations pertains to these named plaintiffs or their accounts. This

Court was correct in rejecting these allegations two years ago, and Plaintiffs cannot now relitigate it.

### 2. Amending to include the research reports is futile.

Plaintiffs seek to add allegations drawn from three reports: (1) from Javelin, (2) from the National Institute of Standards and Technology (NIST), and (3) from the Federal Chief Information Officers Control Council (FCIOCC). Motion, Ex. 1 at ¶¶ 73-74, 81-82 & n. 10-11; *see* Decl. of Harvey J. Wolkoff ("Wolkoff Decl."), Exs. A-C.[4] However, none of these three reports, either alone or taken together, remedies the Article III standing defects identified by this Court and the Eighth Circuit.

For example, the Javelin report actually bolsters the Eighth Circuit's conclusion that none of the fifteen Plaintiffs whose claims were dismissed faces a sufficient risk of fraud for standing purposes. The Eighth Circuit specifically rejected Plaintiffs' reliance on a Government Accountability Office report for their argument that data breaches create a substantial risk of harm "[b]ecause the report finds that data breaches are *unlikely to result in account fraud*." Eighth Cir. Op. at 771 (emphasis added) (citing *Beck v. McDonald*, 848 F.3d 262, 276 (4th Cir. 2017)). In the same vein, the Javelin report found only the possibility of fraud arising from the theft of payment card numbers. Wolkoff Decl., Ex. A, 2014 IDENTITY FRAUD REPORT at 19, 30. Yet, as case after case has held, studies showing a mere possibility (but not a probability) that fraud will result from data breaches does not suffice to demonstrate the required "substantial risk" of harm to Plaintiffs. Eighth Cir. Op.

---

[4] The Court may consider the actual reports because they are relied on by the proposed amended complaint. *See* Eighth Cir. Op. at 770-71.

at 771; *see also Beck*, 848 F.3d at 276 (statistic claiming 33% of those affected by data breach will suffer identity theft "falls far short of establishing a 'substantial risk' of harm"); *Strautins v. Trustwave Holdings, Inc.*, 27 F. Supp. 3d 871, 877 (N.D. Ill. 2014) (statistic claiming that those affected by data breaches are 9.5 times more likely to suffer identity theft "only confirms that many people whose PII are exposed in a data breach do not become victims of identity theft"); *In re Sci. Int'l Applications Corp. Backup Tape Data Theft Litig.*, 45 F. Supp. 3d 14, 26 (D.D.C. 2014) (same); *see also Khan v. Children's Nat'l Health Sys.*, 188 F. Supp. 3d 524, 533 (D. Md. 2016) ("[S]tatistics . . . do not by themselves establish that there is 'certainly impending' harm . . . .").

The other two reports, by NIST and by FCIOCC, discuss a larger technological trend of "linking" data, and neither the memorandum in support of the Motion nor the new allegations referencing these reports provides any explanation of how these trends are in any way relevant to the question of whether Plaintiffs pled an actual or imminent injury in this case. Motion, Ex. 1, ¶¶ 81-82. Nor does the NIST report's reference to the combination of names and credit card numbers as "sensitive" help Plaintiffs, because the report does not in any way suggest that harm to Plaintiffs in the wake of a compromise of such information is imminent – or even likely. *See* Wolkoff Decl. Ex. B. None of these reports supports the notion that, after more than three years of inactivity, the named Plaintiffs nonetheless face "imminent" injury.[5]

---

[5] Because none of the new allegations establishes that Plaintiffs face a substantial risk of imminent fraud, Plaintiffs' new allegation that "consumers act reasonably when they take time and exert efforts to mitigate or remediate their exposure" is likewise insufficient, not to mention conclusory. *See* Eighth Cir. Op. at 771 ("Because plaintiffs have not alleged a

8

B.  **The amendments do not suffice to state a claim.**

The new allegations addressed above, which purport to allege an increased risk of harm, do not affect the merits of Defendants' Rule 12(b)(6) motions. It is settled law that risk of harm does not constitute cognizable injury for the relevant claims, *see, e.g.*, Defs.' Dismissal Mem. at 20-21, 30-32, and as discussed above, the allegations do not suffice to plead a substantial risk in any event.[6]

IV.  **PLAINTIFFS' UNDUE DELAY SEPARATELY WARRANTS DENIAL OF LEAVE TO AMEND.**

The fifteen dismissed Plaintiffs do not even attempt to satisfy the stringent requirements for relief under Rule 60, which this Court has already explained is the applicable standard. Rule 59(e) Op. at 7-8; *see also Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993) (refusing to permit post-judgment amendment where "plaintiffs provided the court with no explanation for their delay"); *Azimpour v. Select Comfort Corp.*, No. CV 15-4296 (DSD/KMM), 2016 WL 4005669, at *1-2 (D. Minn. July 26, 2016) (denying leave to amend for failure to establish extraordinary circumstances even where motion amendment may remedy complaint). Nor do Plaintiffs identify any "exceptional circumstances" warranting "extraordinary relief." *Mask of Ka-Nefer-Nefer*, 752 F.3d at 743 (citation omitted); *see also United States v. Fiorito*, No.

---

substantial risk of future identity theft, the time they spent protecting themselves against this speculative threat cannot create an injury.").

[6] To the extent the new allegation concerning the FBI's estimate that one strand of malware attacked more than 1,000 retailers is meant to implicate the Rule 12(b)(6) analysis, Motion, Ex. 1 ¶ 58, the Court and Defendants are left guessing as to how this allegation is even remotely relevant to the arguments Defendants set forth in their motions to dismiss – let alone sufficient to overcome them.

07CR02121PJSJSM, 2016 WL 4923503, at *1-2 (D. Minn. Sept. 15, 2016) (refusing to permit post-judgment amendment where motion did not provide justification satisfying requirements of Rule 60(b)(1)-(6)), *appeal dismissed,* No. 16-4021, 2017 WL 5012463 (8th Cir. Feb. 17, 2017).

The "unexcused delay by the plaintiff in seeking to amend is sufficient to justify the court's denial." *In re NationsMart Corp. Secs. Litig.*, 130 F.3d 309, 323 (8th Cir. 1997) (citation omitted). Plaintiffs have been on notice regarding the deficiencies in the Amended Complaint (and consequently, the need for its amendment) since August 10, 2015, when Defendants first moved to dismiss, and have repeatedly chosen to stand on the Amended Complaint. *See* Defs.' Dismissal Mem. Nor did they request leave to amend in the alternative in their opposition to Defendants' motion to dismiss. Pls.' Mem. Law Opp'n Mot. Dismiss (ECF No. 40).

Courts routinely deny leave to amend where, as here, plaintiffs are put on notice of defendants' legal theories but nonetheless wait until after judgment is entered to request an amendment. *Mask of Ka-Nefer-Nefer*, 752 F.3d at 743-44 (affirming denial of leave to amend where the "government knew many months prior to the Order of Dismissal of the possible need to amend its pleading and elected to 'stand or fall' on its untested legal theory"); *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 805 (8th Cir. 2013) (affirming denial of leave to amend where plaintiff "never sought to amend the complaint until after dismissal, despite being put on notice of the need to amend by both the district court and [the defendant]") (citation omitted); *In re NationsMart*, 130 F.3d at 322-23

10

(affirming denial of leave to amend where plaintiff had notice for nearly ten months of deficiencies and failed to amend).

Moreover, the three reports cited by the proposed complaint were published in 2010, 2012, and 2014, and the press release setting forth the "FBI estimate" was disseminated in January 2015, all *before* the Plaintiffs even filed the Amended Complaint. And the credit-union allegations are based on declarations for which this Court has already found plaintiffs inexplicably delayed in seeking. Rule 59(e) Op. at 6-7. This, too, justifies denial of the Motion. *Lopez-Buric v. Notch*, 168 F. Supp. 2d 1046, 1051 (D. Minn. 2001) (denying leave to amend where plaintiff was on notice of information necessary for amendment months prior to request), *amended by,* No. CIV.00-CV-928ADM/RL, 2001 WL 1488112 (D. Minn. Apr. 25, 2001). Indeed, Holmes's motion to amend, governed by Rule 15(a), should also be denied on timeliness grounds because he, too, has been aware of the information now cited for years. *Id.* at 1050-51 (explaining under Rule 15 that a "district court may refuse to grant leave to amend if plaintiff had an earlier opportunity to cure a defect in her complaint but failed to do so") (quoting *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 620 (8th Cir. 1995)); *see also Moses.com*, 406 F.3d at 1065.

Defendants would, no doubt, be prejudiced by Plaintiffs' delay. Litigants rely on the concept of finality and the rule against permissive post-judgment amendments to prevent parties from using successive briefing attempts to test their theories and, "if they lose, to reopen the case by amending their complaint to take account of the court's decision. Such a practice would dramatically undermine the ordinary rules governing the finality of judicial decisions, and should not be sanctioned in the absence of compelling

circumstances." *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983) (Breyer, J.) (citation omitted). Since there are no compelling circumstances that prevented Plaintiffs from proposing these amendments years ago, and considerable time and resources have been expended in litigating the appeal of their existing complaint, their motion should be denied on grounds of undue delay.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion.

Dated: November 14, 2017

                ROPES & GRAY LLP

                By: /s/ Harvey J. Wolkoff
                Harvey J. Wolkoff
                (Harvey.wolkoff@ropesgray.com)
                Kathryn E. Wilhelm
                (Kathryn.wilhelm@ropesgray.com)
                800 Boylston Street
                Boston, MA 02199
                Telephone: (617) 951-7000
                David T. Cohen
                (david.cohen@ropesgray.com)
                1211 Avenue of the Americas
                New York, NY 10036
                Telephone: (212) 596-9000
                *Attorneys for Defendant Supervalu, Inc.*

                ROBINS KAPLAN LLP

                Stephen P. Safranski (331326)
                (SSafranski@RopinsKaplan.com)
                800 LaSalle Avenue, Suite 2800
                Minneapolis, MN 55402
                Telephone: (612) 349-8500
                *Local Counsel for Defendant Supervalu, Inc.*

VORYS, SATER, SEYMOUR AND PEASE LLP

By: /s/ John L. Landolfi
John L. Landolfi
(jllandolfi@vorys.com)
Christopher L. Ingram
(clingram@vorys.com)
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-6400
*Attorneys for Defendants AB Acquisition, LLC and New Albertson's, Inc.*

STOEL RIVES LLP

Marc A. Al (247923)
(marc.al@stoel.com)
33 South Sixth Street, Suite 4200
Minneapolis, MN 55402
Telephone: (612) 373-8801
*Local Counsel for Defendants AB Acquisition, LLC and New Albertson's Inc.*

13